UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>HUI LIAN KE, a/k/a LILY KO,<br><br>Plaintiff. | Case No. <u>17-cv-02555-EMC</u><br>Case No. <u>17-cv-03456-EMC</u><br>Case No. <u>17-cv-03600-EMC</u><br>Case No. <u>17-cv-03605-EMC</u><br>Case No. <u>17-cv-03855-EMC</u><br>Case No. <u>17-cv-03929-EMC</u><br>Case No. <u>17-cv-03930-EMC</u><br>Case No. <u>17-cv-04225-EMC</u><br>Case No. <u>17-cv-04227-EMC</u><br>Case No. <u>17-cv-04228-EMC</u><br>Case No. <u>17-cv-04230-EMC</u><br>Case No. <u>17-cv-04237-EMC</u><br>Case No. <u>17-cv-04259-EMC</u> |

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Hui Lian Ke, also known as Lily Ko, an inmate at the Santa Clara County Jail, has filed numerous *pro se* civil actions. Pursuant to 28 U.S.C. § 1915(e) and 1915A, the Court conducted an initial review of the complaints in fifteen of her actions, and dismissed them with leave to amend. In thirteen of those actions, Plaintiff did not file an amended complaint. This order dismisses those thirteen actions for failure to state a claim upon which relief may be granted. (She did file amended complaints in the other two actions (i.e., *Ko v. Gonzalez,* No. 17-cv-4226 EMC, and *Ke v. Sandoval*, No. 17-cv-4229 EMC), and the Court will address those pleadings separately in those actions.)

## II. DISCUSSION

Commencing in early 2017, Plaintiff began filing many actions in this Court. By the end of July 2017, she had filed fifteen actions that were assigned to the undersigned. The Court

reviewed those fifteen actions, and issued a single Order Requiring Amended Complaints And *In Forma Pauperis* Applications ("Order Requiring Amended Complaints") that covered those fifteen actions.  Docket No. 12 in Case No. 17-cv-2555 EMC.[1]

In the Order Requiring Amended Complaints, the Court explained that the complaints did not provide enough information for the Court to be able to provide even a very general description of the event and omissions giving rise to her claims.

> In Case No. 17-cv-2555 EMC, Ms. Ko purports to bring the action on behalf of an Estate and two individuals, and asserts that several torts and wrongs were committed against individuals other than herself.  The plaintiff in the action is listed as Hui Lian Ke, "executor for the Lily Helen Ko Estate, for Ke, Junjie, man, for Ke, Shengli, woman aggrieved, claimant, prosecutor." (Docket No. 1 at 1.)  She does not explain who the individuals are, or how she has any authority to present claims on their behalf.  It also is unclear whether the "Lily Helen Ko Estate" is an Estate of a deceased person or is simply an alternative way of referring to herself.  Ms. Ke lists six individuals as defendants, but does not explain who any of those defendants are.  The complaint summarily alleges that some of the defendants carried away Junjie and Shengli from their home in 2014, used them for prostitution, held them against their will, drugged them, physically attacked them, and enslaved them. . . .

> In Case No. 17-cv-3600 EMC, the complaint is incomprehensible.  The complaint lists several claims for trespass, but the trespassing allegedly took place against things other than real property, i.e., the alleged trespasses were on the Estate of Lily Helen Ko and other Estates, "trespass from temporary restraining order (TRO) issued upon each said estate containing defects," "trespass from copyrights," and "trespass from defamation."   The complaints in Case Nos. 17-cv-3456 EMC and 17-cv-3605 EMC, urge similarly incomprehensible claims.

> In Case No. 17-cv-3855 EMC, the complaint is against the Santa Clara County Sheriff and appears to pertain to Ms. Ke's incarceration and/or the impoundment of her car.  Although the general subject matter can be discerned, the actual claims are incomprehensible.

> In the rest of the cases, the defendants are identified but the claims are incomprehensible. For example, in Case No. 17-cv-3929 EMC, Ms. Ke sues Michael Gilman, a prosecutor, and alleges claims for,

---

[1] Since the issuance of the Order Requiring Amended Complaints, Plaintiff has filed another fifteen civil actions that have been assigned to the undersigned.  Those newer civil actions will be addressed separately at a later date.

Plaintiff also has filed several petitions for writ of habeas corpus.  Those are pending before Judge Chhabria.  *See, e.g., Ke v. Davis*, Case No. 17-cv-4826 VC.

among other things, "trespass on the authenticated certificate of live birth," and "certiorari to bring forth the valid contract with claimant to probation." Docket No. 1 at 1 in Case No. 17-cv-3929 EMC. Ms. Ke makes similarly incomprehensible "trespass" and "certiorari" claims against other actors in state court cases. *See, e.g.,* Case No. 17-cv-3930 EMC (county counsel); Case No. 17-cv-4225 EMC (court-appointed counsel); Case No. 17-cv-4226 EMC (court clerks); Case No. 17-cv-4227 EMC (public defender); Case No. 17-cv-4228 EMC (superior court judges); Case No. 17-cv-4229 EMC (custodian of records for Department of Family & Children Services); Case No. 17-cv-4230 EMC (superior court judge); Case No. 17-cv-4237 EMC (doctors); and Case No. 17-cv-4226 EMC (Governor).

Docket No. 12 at 1-3 in Case No. 17-cv-2555 EMC.

Each complaint was dismissed with leave to amend because it failed to state a claim upon which relief may be granted. *Id.* at 4-7. The Court explained that each complaint was largely incomprehensible because, although numerous legal concepts were mentioned, there was not an understandable set of facts to go with any of those legal concepts. *Id.* at 4. The Court further explained that, in her amended complaint in each action, Ms. Ke had to allege a short and plain statement of each claim for relief she wanted to assert; had to link one or more defendants to each claim; and had to plead any fraud with particularity. *Id.* at 5-6. The Court also directed Ms. Ke to explain why she was in jail so that the Court could determine whether the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), would require a stay of part or all of any of her actions. Docket No. 12 at 6 in Case No. 17-cv-2555 EMC. The Court set a deadline for September 18, 2017 for Plaintiff to file an amended complaint in each action.

The deadline for the filing of amended complaints has passed. It is now time to consider the materials she filed in each action in response to the Order Requiring Amended Complaints.[2] For each action, the Court will describe what Ms. Ke filed in response to the Order For Amended Complaints, and explain the reason for its dismissal of each action.

---

[2] Hui Lian Ke is also known as Lily Ko. She wrote in several of her filings that the title "Ms." should not be used for her name. *See, e.g.,* Docket No. 12 in Case No. 17-cv-3456 EMC, and Docket No. 9 in Case No. 17-cv-3600 EMC. And she stated in one action that the Lily Ko Estate is withdrawn, while in some other actions she stated that Lily Ko was to replace Hui Lian Ke. *Compare* Docket No. 14 in Case No. 17-cv-2555 EMC *with* Docket No. 9 in Case No. 17-cv-3600 EMC. The use of "Ms." by the Court was simply a courtesy and had no legal significance. In an effort to reduce the confusion prompted by her changes in her name, the Court will refer to her just by her litigation position, i.e., Plaintiff.

1   *Ke v. Thurman,* Case No. 17-cv-2555 EMC:  Plaintiff did not file an amended complaint,

2 and the deadline by which to do so has passed.  She did file a document entitled "writ of error," in

3 which she states that Junjie Ke is her son and Shengli Ke is her daughter, and included a sort of

4 birth certificate she handwrote for each child stating that she is the owner of the afterbirth of each

5 child, having contributed DNA.  She states that she has "never received full disclosure to the

6 events and [has] done [her] best to recollect," and that she and her children have foreign passports.

7 None of these facts suggest the violation of any right under the Constitution or laws of the United

8 States, as is necessary to state a claim under 42 U.S.C. § 1983.  The document is not the amended

9 complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which

10 relief may be granted.  Further leave to amend will not be granted because it would be futile: the

11 Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them.

12 For these reasons, this action is dismissed for failure to state a claim upon which relief may be

13 granted.  The clerk shall close the file.

14   *Ke v. Fleming,* Case No. 17-cv-3456 EMC:  Plaintiff did not file an amended complaint,

15 and the deadline by which to do so has passed.  She did file a document entitled "writ of error," in

16 which she states that she wants the action stayed "until Claimant closes it when all matters are

17 settled in full."  Docket No. 12.  This action will not be stayed because no viable pleading has

18 been filed and there is no basis to think that any sort of settlement negotiations are underway,

19 given the incomprehensible nature of her pleadings.  The "writ of error" is not the amended

20 complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which

21 relief may be granted.   Further leave to amend will not be granted because it would be futile: the

22 Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them.

23 For these reasons, this action is dismissed for failure to state a claim upon which relief may be

24 granted.  The clerk shall close the file.

25   *Ke v. Yang,* Case No. 17-cv-3600 EMC:  Plaintiff did not file an amended complaint, and

26 the deadline by which to do so has passed.  She did file a document entitled "writ of error," in

27 which she states that she wants the action "to stay open until Claimant closes it when all matters

28 are settled in full."  Docket No. 9.  This action will not be stayed because no viable pleading has

been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ke v. Magallanes*, Case No. 17-cv-3605 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 10. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ke v. Smith*, Case No. 17-cv-3855 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay the proceeding until closed by Claimant." Docket No. 9. She also filed a "writ of supersedeas" to demand a stay of this action. *Id.* at 2. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. Neither the "writ of error" nor the "writ of supersedeas" is the amended complaint the Court ordered Plaintiff to file, and both fail to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this

action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ko v. Gilman*, Case No. 17-cv-3929 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action stayed "until Claimant closes it when all matters are settled in full." Docket No. 8. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ko v. Vasquez*, Case No. 17-cv-3930 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action stayed "until Claimant closes it when all matters are settled in full." Docket No. 9. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ke v. Pfaff*, Case No. 17-cv-4225 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 6. This action will not be stayed because no viable pleading has

been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

   _Ke v. Valeros_, Case No. 17-cv-4227 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 7. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

   _Ke v. McLoy_, Case No. 17-cv-4228 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 6. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be

granted. The clerk shall close the file.

*Ke v. Schwartz*, Case No. 17-cv-4230 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 6. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ke v. Cohen*, Case No. 17-cv-4237 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants the action "to stay open until Claimant closes it when all matters are settled in full." Docket No. 6. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway, given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

*Ke v. Valeros*, Case No. 17-cv-4259 EMC: Plaintiff did not file an amended complaint, and the deadline by which to do so has passed. She did file a document entitled "writ of error," in which she states that she wants "to stay the proceeding until closed by Claimant when all matters are settled in full." Docket No. 6. This action will not be stayed because no viable pleading has been filed and there is no basis to think that any sort of settlement negotiations are underway,

given the incomprehensible nature of her pleadings. The "writ of error" is not the amended complaint the Court ordered Plaintiff to file, and the document fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court had explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them. For these reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

### III. <u>CONCLUSION</u>

Each of the referenced actions is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk shall close the file for each of the referenced actions.

**IT IS SO ORDERED**.

Dated: October 27, 2017

_____
EDWARD M. CHEN
United States District Judge